NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued November 17, 2009
Decided November 24, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1384

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 CR 112-1 |
| KEITH COOK, | |
| *Defendant-Appellant*. | Ruben Castillo, |
| | *Judge*. |

**O R D E R**

On the second-to-last day of Keith Cook's trial for embezzlement and falsifying union records, just before the government rested, Cook's lawyers informed the district court that he would testify but they needed time to help him prepare. Counsel asked the court to adjourn for the day, but the court denied this request. Cook then testified, and on the next day of trial was found guilty of both charges. On appeal he challenges the denial of his request for a continuance. We uphold the district court's ruling and affirm Cook's convictions.

Through his work as a railroad conductor, Cook became secretary-treasurer of his local transportation union. He served from 2002 until 2004, when an auditor discovered

that Cook had written himself a number of unauthorized checks on union accounts totaling over $45,000. Following an investigation the government charged Cook with embezzling the assets of a labor organization, 29 U.S.C. § 501(c), and making a false entry in union records required to be kept by law, *id.* § 439(c). Over the next 17 months, Cook twice succeeded in getting his appointed counsel replaced—the second time on the eve of trial—and twice the parties reached a plea agreement only to have Cook change his mind at the change-of-plea hearing.

Once trial began the district court's schedule required multiple breaks in the proceedings, so the trial ran September 2-3, 8-9, 12, and 15, 2008. On Friday, September 12, following a two-day recess, defense counsel told the court that Cook had decided on Tuesday that he would testify, but they had not succeeded in meeting with him on Wednesday or Thursday to go over his testimony. Counsel explained that Cook, who was on bond, had missed multiple appointments with them during the recess because he was called in to work, and traffic that morning had prevented him from arriving at their office early enough to prepare. In light of this lack of preparation, Cook's counsel moved for a continuance until Monday, September 15. Prosecutors opposed the motion, arguing that they always had believed Cook would testify and that he had been given adequate time to prepare given the delays in bringing the case to trial. The court agreed that there had been "ample opportunity" to prepare. The court explained that the case had been "problematic" to get to trial even though it was not complicated, and once the trial got underway Cook had not made it a priority or taken advantage of the "very liberal" schedule. The court also noted that it had another case scheduled for trial immediately after Cook's, and with only one jury room it could not "risk any further day" in the case. In light of what the court characterized as Cook's "machinations" in preventing the trial from starting sooner and his "audacity to not prepare and to want to testify," the court denied the motion. But the court did recess for an early and longer lunch to allow Cook some time to prepare; after lunch Cook took the stand. Trial concluded on Monday with closing arguments, and the jury returned guilty verdicts on both charges late that same day. The court later sentenced Cook to a total of one year and a day in prison.

We review the denial of a continuance for abuse of discretion and will not reverse absent a showing of actual prejudice. *United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003); *United States v. Tolliver*, 937 F.2d 1183, 1187-88 (7th Cir. 1991). A district court may evaluate any number of factors in deciding whether a continuance is justified, including the age and complexity of the case, the amount of time already made available for preparation and the defendant's role in shortening the effective preparation time, whether the defendant has tried to "game" the system, the availability of discovery, the likelihood that a continuance will satisfy the defendant's needs, whether the government opposes the

proposed continuance, the inconvenience or hardship to the court or others, and the likelihood that denying a continuance will prejudice the defendant. *See United States v. Williams*, 576 F.3d 385, 390 (7th Cir. 2009); *Miller*, 327 F.3d at 601; *United States v. Chiappetta*, 289 F.3d 995, 999 (7th Cir. 2002). The importance of any single factor depends on the individual circumstances of a case, and assigning the relative weight of the factors is best left to the discretion of the district court. *Williams*, 576 F.3d at 389; *Miller*, 327 F.3d at 601.

Two cases with opposite outcomes help to illustrate the application of these factors. In *United States v. Farr*, we held that the trial judge did not abuse his discretion in denying the defendant's request for a continuance made on the morning of trial. 297 F.3d 651 (7th Cir. 2002). We reasoned that the denial was proper because the defendant had been granted two continuances already and counsel's lack of preparation for trial clearly resulted from the defendant's consistent refusal to cooperate with his attorney and assist in the preparation of his defense. *Id.* at 656. We concluded that we would not find error in the denial of a continuance "[w]here a defendant's obstinate behavior played a significant part in undermining the ability of counsel to prepare for trial." *Id.* Conversely, in *United States v. Heron*, we held that the district court abused its discretion in denying a continuance where on the day before trial a key prosecution witness had changed his planned testimony in a manner that portrayed the defendant as an active, rather than reluctant, participant in the transportation of drugs. 564 F.3d 879, 881-83 (7th Cir. 2009). We noted that the defendant had essentially no time to prepare for the changed testimony and did not contribute to the time pressure, and that a continuance would have allowed him to investigate this "crucial piece" of new evidence. *Id.* at 883.

In denying Cook's request for a continuance, the district court focused on the age of the case, Cook's role in shortening the available time for preparation, Cook's previous "machinations" in delaying the case for trial, and the inconvenience a postponement would cause to the court given its pending case load. Although these are acceptable considerations, *see Chiappetta*, 289 F.3d at 999; *Williams*, 576 F.3d at 389, Cook argues that the district court nonetheless abused its discretion because any inconvenience to the court would have been minimal while denying the continuance directly prejudiced his right to testify. Cook's jury returned guilty verdicts at almost 5:00 p.m. on Monday, so the court guessed correctly that postponing his testimony until that morning would have pushed the trial into Tuesday and delayed the start of the court's next trial. Whatever Cook might think about the significance to the court of losing another day from its schedule, the judge had discretion to assess the burden on his case load along with any of the other relevant factors. *See Miller*, 327 F.3d at 601. We have noted that the "typical reasons to deny a continuance are that the defendant shortened her own preparation time and that a delay will burden the court." *Williams*, 576 F.3d at 390. Cook's failure to meet with his attorneys during the two-

day recess before he testified parallels the defendant's actions in *Farr*, where we upheld the denial of a continuance in light of the defendant's "obstinate behavior" and consistent refusal to assist in the preparation of his defense. *See* 297 F.3d at 656. Unlike in *Heron*, where circumstances outside the defendant's control created a shortage of time to prepare, Cook was at fault for deciding that going to work was more important than keeping his appointments with counsel during the *two days* he could have been preparing. *See* 564 F.3d at 883. Even if a continuance would have caused only minimal delay to the district court's pending trial schedule, given the amount of time that had elapsed between the indictment and the trial, the two-day recess during which Cook could have prepared to testify if he had opted to miss a day of work, and what the district court perceived as Cook's history of "machinations" to game the system, we find that the court did not abuse its discretion in refusing to grant a continuance.

That conclusion is reinforced by Cook's failure to explain how denying the requested continuance prejudiced him. Cook asserts that his lack of preparation prejudiced his right to testify. Cook did testify, but he contends—without elaboration—that with more preparation he would have been better able to answer the government's questions on cross-examination, and in turn the government would not have been able to negatively focus on his testimony during its closing argument. In order to find prejudice we require a defendant to show specifically what material difference a continuance would have made. In *United States v. Vincent*, we affirmed the denial of a continuance where the defendant claimed that he needed more time to examine discovery materials and prepare to cross-examine the government's witnesses but "neither pointed to exculpatory evidence he would have found in the discovery nor proposed additional questions he would have asked the government's witnesses." 416 F.3d 593, 599 (7th Cir. 2005). Here, similarly, Cook does not explain how his testimony would have differed and benefitted his case if he had been granted a continuance. He does not specify what answers he would have given during the government's cross-examination if he had additional time to prepare or how those answers would have positively affected the jury. Under *Vincent* his unsupported assertion of prejudice is insufficient. *See id.*

Accordingly, we AFFIRM the district court's judgment.